**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| JEANES-KEMP, a Mississippi Limited Liability Company, and STEVEN A. CHRISTENSEN,<br><br>            Petitioners,<br><br>      v.<br><br>JOHNSON CONTROLS, PHOENIX FINANCIAL GROUP, a California corporation, and PERRE CABELL, Esq, Trustee,<br><br>            Defendants. | **MEMORANDUM DECISION and ORDER GRANTING IN PART MOTION TO QUASH and/or LIMIT SUBPOENA DUCES TECUM**<br><br>Case No. 2:10-mc-01127-TC  -DN<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

Petitioner Steven A. Christensen, asks the court to quash or limit the subpoena issued by

Johnson Controls, Inc. (JCI) related to ongoing litigation in a case filed in the Southern District

of Mississippi,[1] to which Mr. Christensen is not a party.   Mr. Christensen argues: (1) that the

subpoena is "overly broad and unduly burdensome"[2] on a non-party; (2) some of the documents

sought are "confidential and proprietary and/or are considered attorney client privilege;"[3] and (3)

"the short time frame for response make compliance impossible."[4]  District Judge Tena

Campbell referred this matter to the magistrate judge "under 28 [U.S.C.] § 636(b)(1)(A) to hear

---

[1] Motion to Quash and/or Limit Subpoena Duces Tecum, docket no. 2, filed November 12, 2010.

[2] *Id.* at 1.

[3] *Id.*

[4] *Id.*

and determine all nondispositive pretrial matters."[5]

In response to Mr. Christensen's arguments, and "[t]o resolve most of [his] objections, JCI has consented . . . to substantially limit the scope of the subpoena. All JCI requests now is verification of whether or not John Sposato Sr. had $200,000 in Petitioner's trust account during the time period from April to December 2009, and documents relating to that fact."[6] JCI's concession to limit the scope of the subpoena resolves Mr. Christensen's objection to the subpoena being overly broad and burdensome on a non-party.

Further, the limited subpoena request also resolves Mr. Christensen's objection that the documents sought are confidential and/or covered by attorney client privilege. The Tenth Circuit and this court have consistently held that disclosing the accounting of payments received from a client and the disposition of those funds from the attorney's trust account "does not violate the rules of professional conduct, the attorney-client privilege, or the work-product privilege."[7] The limited accounting information now requested by JCI is relevant to their claims in the Mississippi litigation.[8]

Resolution of the motion to quash has resolved time frame issues raised. JCI is providing a witness fee and mileage to Mr. Christensen in case the deposition cannot be conducted by

---

[5]Order Referring Case, docket no. 3, filed November 16, 2010.

[6]Defendant Johnson Controls, Inc.'s Amended Memorandum in Opposition to Petitioner's Motion to Quash (Opposition) at 5, docket no. 6, filed November 29, 2010.

[7]*Wing v. Fulbright & Jaworski LLP,* No. 2:09cv200, 2010 WL 1566801, at *2 (D. Utah April 16, 2010) (citing *In re Grand Jury Subpoenas,* 906 F.2d 1485, 1492 (10th Cir. 1990)); *see also Adams v. Gateway, Inc.,* No. 2:02-CV-106 TS, 2005 WL 4705885, at *2 (D. Utah Nov. 2, 2005); *SEC v. First Sec. Bank,* 447 F.2d 166, 167 (10th Cir. 1971).

[8]*See* Fed. R. Civ. P. 26(b)(1).

telephone as anticipated.[9]

IT IS HEREBY ORDERED that Mr. Christensen's Motion to Quash and/or Limit Subpoena Duces Tecum[10] is GRANTED IN PART. JCI shall limit the subpoena as indicated. Mr. Christensen is ordered to provide deposition testimony concerning the limited topic of whether he held $200,000 in trust for Mr. Sposato or any of Mr. Sposato's corporate entities during the time period from April to December 2009, matters related to any such funds, and the transaction for which they were being held.

DATED this 24th day of January, 2011.

BY THE COURT:

_____
DAVID NUFFER
United States Magistrate Judge

---

[9]*See* Opposition at 5 n.4.

[10]Docket no. 2.